UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 24-128-DCR |
| V. | ) ) | |
| JACK A. STRUNK, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Liberty Insurance Corporation ("Liberty") issued a homeowners insurance policy to Defendant Jack Strunk that was active in October 2017, when his home was damaged by fire. [Record No. 1] Strunk made two insurance claims: one for fire damage and another for alleged theft of certain personal property after the fire. *Id.* Strunk initiated a lawsuit against Liberty in Garrard Circuit Court for the payment of the alleged damages. *Id.* That case was removed to federal court and ultimately settled by Liberty paying $100,000 to Strunk. *Id.*

Strunk was later indicted for, pled guilty to, and was convicted of felony insurance fraud in violation of KRS 304.47-020. *Id.* This is not contested as Strunk admits to this in his Answer. [Record No. 6 at ¶ 14] (noting Strunk "pleaded guilty to, and was convicted of, a criminal fraudulent insurance act based on his conduct in falsely reporting the property as stolen when he filed an insurance claim with Liberty"). Liberty initiated this action to recover the $100,000 settlement because Strunk breached the homeowner policy when he fraudulently alleged certain items were stolen. [Record No. 1]

- 1 -

Strunk was represented by counsel at the onset of this case.  Later, his attorneys withdrew because of the defendant's indigency.  [Record No. 11]  The matter was stayed, allowing Strunk thirty days to find replacement counsel; otherwise, he would be proceeding *pro se*.  [Record No. 12]  No counsel entered an appearance, and the stay was lifted.  [Record No. 15]  While Strunk participated in submitting a proposed discovery order, he has not been involved since.

Liberty filed a Partial Motion for Judgment on the Pleadings, contending that Strunk breached the insurance contract entitling them to the return of the $100,000 only to be offset by restitution Strunk paid pursuant to his plea.  [Record No. 16] (citing Ky Rev. Stat. 533.030(3)(d):  "A civil verdict shall be reduced by the amount paid under the criminal restitution order").  The matter was referred to United States Magistrate Judge Edward B. Atkins who directed Strunk to respond to the motion within a specified time.  [Record No. 18]  After no response was filed, Magistrate Judge Atkins scheduled a telephone conference to set a date for oral argument on the motion. [Record No. 19]  Strunk did not attend that conference, and Magistrate Judge Atkins set the date for oral argument.  [Record No. 21]  Again, Strunk did not attend the oral argument despite receiving notice by certified mail.  [Record Nos. 22–26]

On March 20, 2025, Magistrate Judge Atkins issued a Report and Recommendation ("R&R") in which he recommends that the undersigned grant the plaintiff's Partial Motion for Judgment on the Pleadings.  [Record No. 27]  The R&R also recommends that the undersigned enter judgment in Liberty's favor for the full $100,000.  *Id.*  The parties were given 14 days to file objections to the R&R.  The objection period has expired but neither party has filed objections.

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). While there were no objections filed, the undersigned will limit the relief to what the plaintiff requested: that the Court grant the Partial Motion for Judgment on the Pleadings "holding that Strunk breached the Policy and caused damages to Liberty in an amount to be determined through subsequent proceedings." [Record No. 16 at 9] Accordingly, it is hereby

**ORDERED** as follows:

1.      The Report and Recommendation of United States Magistrate Judge Atkins, filed on March 20, 2025, [Record No. 27] is **ADOPTED** and **INCORPORATED** with the exception that a $100,000 judgment will not be entered in the plaintiff's favor because the offset, if any, must first be determined under Ky Rev. Stat. § 533.030(3)(d).

2.      Plaintiff Liberty Insurance Corporation's Partial Motion for Judgment on the pleadings [Record No. 16] is **GRANTED**.

3.      This matter remains referred to Magistrate Judge Atkins for limited discovery on the breach of contract damages to determine the amount, if any, Defendant Strunk has paid in criminal restitution to Plaintiff Liberty Insurance Corporation in accordance with Ky Rev. Stat. § 533.030(3)(d).

4.      The Clerk is directed to provide a copy of this order to Defendant Jack Strunk at 212 Candlewood Road, Laredo, Texas 78045 and at jackstrunk38@gmail.com.

Dated: April 4, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky