UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:24-CV-00128-DCR-EBA

LIBERTY INSURANCE COMPANY,                                          PLAINTIFF,

V.                     **REPORT AND RECOMMENDATION**

JACK A. STRUNK,                                                     DEFENDANT.

*** *** *** ***

On March 20, 2025, the undersigned issued a recommendation that Plaintiff Liberty Insurance Company's ("Liberty") partial motion for judgment on the pleadings, [R. 16], be granted and that the Court enter a final judgment in favor of Liberty in the amount of $100,000 for Defendant Jack Strunk's violation of the terms of a homeowners insurance policy Liberty had issued him. [R. 28]. On April 4, 2025, Judge Danny C. Reeves issued a memorandum order on the undersigned's recommendation, adopting and incorporating it "with the exception that a $100,000 judgment will not be entered in the plaintiff's favor because the offset, if any, must first be determined under Ky. Rev. Stat. § 533.030(3)(d)." [R. 28 at pg. 3]. Judge Reeves also indicated that the matter remained referred to the undersigned "for limited discovery on the breach of contract damages to determine the amount, if any, Defendant Strunk has paid in criminal restitution . . . in accordance with Ky. Rev. Stat. § 533.030(3)(d)." [*Id.*].

The undersigned subsequently held a telephonic scheduling conference on the matter. [R. 31]. As a result, Liberty was to file into the record a notice of the amount of remaining damages owed with a certified copy of the circuit court records confirming any criminal restitution payments made by Strunk. [R. 31]. Additionally, Liberty was directed to serve this notice directly

on Strunk via certified mail, return receipt requested. [*Id.*]. Strunk was ordered to file any response to the notice no later than fourteen (14) days from the date of receipt. [*Id.*].

On June 5, 2025, Liberty filed its notice indicating the amount of remaining damages owed per the undersigned's order. [R. 32]. In a corrected stipulation filed on July 8, 2025, Liberty indicated that Strunk made restitution payments totaling $3,261.30. [R. 34]. Accordingly, applying the offset for restitution payments under Ky. Rev. Stat. § 533.030(3)(d) to the $100,000 Liberty paid Strunk prior to his insurance fraud conviction, Liberty stipulates that the amount in damages Strunk owes is $96,738.70. [*Id.*]. Liberty filed proof that its original notice was served on Strunk. [R. 33-1 at pg. 2]. Strunk had until July 22, 2025, to file a response to the stipulations, but no response was ever filed. Therefore, having considered the matter, and being sufficiently advised,

**IT IS RECOMMENDED** that the Court enter final judgment in favor of Plaintiff Liberty Insurance Company in the amount of $96,738.70 for Defendant Strunk's violation of the terms of the homeowners insurance policy Liberty issued him.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed July 25, 2025.

